JOURNAL ENTRY AND OPINION
{¶ 1} At the time this action was filed on September 23, 2003, relator, Bertha L. Washington, was a ward of probate court. This action was filed on Washington's behalf by attorney and Washington's guardian, Luann Mitchell. By entry filed on October 27, 2003, the probate court removed Mitchell as guardian of Washington's estate but retained Mitchell as guardian of the person. Washington died on November 6, 2003.
 {¶ 2} Relator requests that this court issue a writ of mandamus compelling respondents — the Ohio Department of Job and Family Services and the Ohio Department of Aging — to withhold funds from the Western Reserve Area Agency on Aging (WRAAA) until WRAAA reimburses Washington $31,632, which she contends she incurred when WRAAA improperly terminated services during the pendency of Washington's administrative appeal of the termination of services.
 {¶ 3} On October 28, 2003, respondents filed a motion to dismiss for failure to state a claim. On December 22, 2003, respondents filed a suggestion of death of Washington and supplemental motion to dismiss. Relator has not filed a motion for substitution of party, has not responded to the supplemental motion to dismiss and has not made any other filing since the filing of the suggestion of death.
 {¶ 4} Civ.R. 25(A)(1) provides:
 {¶ 5} "If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."
 {¶ 6} Although more than ninety days has passed since respondents filed a suggestion of death, relator has not filed a motion for substitution. As a consequence, Civ.R. 25(A)(1) requires that we dismiss this action.
 {¶ 7} We also note that the complaint is defective. The caption of the complaint is "Bertha L. Washington v. The Ohio Department of Job Family Services and The Ohio Department of Aging." Yet, "R.C. 2731.04 requires that an application for a writ of mandamus `must be by petition, in the name of the state on the relation of the person applying.' This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of CommonPleas of Allen County (1962), 173 Ohio St. 226, 181 N.E.2d 270."State v. Klein, Cuyahoga App. No. 82283, 2003-Ohio-1177, at ¶ 3.
 {¶ 8} Accordingly, respondents' supplemental motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 9} The writ is dismissed.
Writ dismissed.
Dyke and Celebrezze, Jr., JJ., concur.